**UNITED STATES of America, Appellee,**

v.

**Norma Jean PATTERSON, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**Norman Franklin GRUBBS, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**Anthony Michael PESEK, Appellant.**

**Nos. 93–1529, 93–1542 and 93–1813.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 23, 1993.

Decided Dec. 14, 1993.

Lisa D. Dejoras, Minneapolis, MN, argued, for appellant in 93–1529.

Dennis Johnson, Minneapolis, MN, argued for appellant in 93–1542.

Douglas Peine, St. Paul, MN, argued for appellant in 93–1813.

Jeffrey S. Paulsen, Asst. U.S. Atty., Minneapolis, MN, argued, for appellee.

Before FAGG, BOWMAN, and LOKEN, Circuit Judges.

PER CURIAM.

In these consolidated cases, Norma Jean Patterson, Anthony Michael Pesek, and Norman Franklin Grubbs appeal the sentences the District Court[1] imposed on them after they pleaded guilty to narcotics charges. We affirm all three sentences.

On July 22, 1992, authorities arrested Patterson, Pesek, and Grubbs after monitoring their participation in a cocaine-buying trip to Los Angeles. Among the items discovered during a search of Pesek's home were seven handguns and ammunition. Authorities also searched the home where Patterson and Grubbs lived together and found 119 grams of marijuana and 907 grams of crack cocaine. Patterson, Pesek, and Grubbs pleaded guilty to aiding and abetting each other in distributing, possessing with intent to distribute, and attempting to possess with intent to distribute 500 grams or more of cocaine from June 23, 1992, until about July 22, 1992, in violation of 21 U.S.C. §§ 841(a)(1) (1988), (b)(1)(B) (1988 & Supp. III 1991) and 18 U.S.C. § 2 (1988). Pesek also pleaded guilty to distributing five or more kilograms of cocaine from an unknown date until about June 22, 1992, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) (1988 & Supp. III 1991).

■ At sentencing, Patterson contested the presentence report's (PSR's) recommendation that she receive a two- rather than three-level reduction in offense level for acceptance of responsibility under United States Sentencing Commission, *Guidelines Manual*, § 3E1.1 (Nov. 1992). The government argued Patterson was not entitled to a full three-level reduction because, during her first debriefing with the government, she falsely implicated one of her codefendants as the source of the crack cocaine found in her apartment. The District Court concluded that a two-level reduction was appropriate, calculated Patterson's sentencing range at 97 to 121 months, and sentenced her to 97 months of imprisonment and four years of supervised release.

■ Patterson argues that the Court erred when it denied her the reduction of an additional level for acceptance of responsibility. Under U.S.S.G. § 3E1.1(b), an offender earns an additional one-level reduction in her offense level if she has timely provided the government with complete information about her involvement in the offense, or if she has timely notified authorities that she intends to plead guilty so the government can avoid preparing for trial and the court can efficiently allocate its resources.[2] We give due deference to a sentencing court's refusal to grant a reduction for acceptance of responsibility under § 3E1.1(b) and will reverse only for clear error. *United States v. McQuay*, 7 F.3d 800, 801 (8th Cir.1993); *United States v. Schau*, 1 F.3d 729, 731 (8th Cir.1993) (per curiam).

At the time Patterson lied to the government about the source of the crack cocaine found in her apartment, she was charged with distribution of crack. Moreover, as the government notes, Patterson initially claimed that the Los Angeles transaction was her first drug-related trip to California. She admitted later, however, that she had delivered drug money to California on previous occasions. The record also shows that Patterson did not plead guilty or file her plea agreement until the scheduled trial date, after denial of her numerous pretrial motions. *See United States v. Nomeland*, 7 F.3d 744, 749 (8th Cir.1993). We cannot conclude on these facts that the District Court's finding that

1. The Honorable Diana E. Murphy, Chief Judge, United States District Court for the District of Minnesota.

2. Additional conditions (not at issue here) are that the offender must qualify for a two-level reduction under U.S.S.G. § 3E1.1(a) and must have an offense level of at least 16 before the two-level reduction.

Patterson is not entitled to the additional one-level reduction is clearly erroneous.

■ After grouping the two offenses to which Pesek had pleaded guilty, Pesek's PSR set his base offense level at 32, added two levels under U.S.S.G. § 2D1.1(b)(1) for possessing a dangerous weapon, and deducted three levels for acceptance of responsibility. At sentencing the District Court denied Pesek's objection to the weapon enhancement because the Court could not conclude that it was "clearly improbable" that the weapons in question were connected with the offense. *See id.* § 2D1.1, comment. (n. 3.) (explaining that the enhancement applies "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense"). The Court sentenced him to a total of 120 months of imprisonment and five years of supervised release.

■ Pesek argues the District Court erred in applying the weapon enhancement because the government failed to prove that he used the weapons found in his home to further drug trafficking. We will reverse the Court's decision to apply the enhancement only in the face of clear error. *See United States v. Pou,* 953 F.2d 363, 371 (8th Cir.), *cert. denied,* —— U.S. ——, ——, 112 S.Ct. 1982, 1983, 118 L.Ed.2d 580, 581 (1992). Pesek's PSR indicates that, one day before the weapons in question were seized, he sent by Federal Express to his home in Minnesota a package containing some of the cocaine involved in the Los Angeles transaction. Authorities found marijuana and drug paraphernalia along with the weapons in his home. Based on this information, the District Court did not clearly err in applying the enhancement. *Cf. United States v. Duke,* 935 F.2d 161, 162 (8th Cir.1991) (upholding enhancement where search of defendant's home uncovered drugs, scales, and a revolver). Pesek also contends the enhancement was erroneous because the other cocaine-distribution offense to which he pleaded guilty ended one month before authorities seized the weapons from his home, and the government produced no evidence that the weapons were present during the commission of that offense. Even assuming, however, that the weapons were not present during

that offense, they were present when he was arrested following the Los Angeles transaction. *See United States v. Bruce,* 984 F.2d 928, 932 (8th Cir.) (stating that "a firearm enhancement is appropriate if a firearm was connected with any drug-related offense of which a defendant has been convicted"), *cert. denied,* —— U.S. ——, 114 S.Ct. 275, 126 L.Ed.2d 226 (1993). Finally, we reject as meritless Pesek's argument that the court did not adequately explain its decision to apply the enhancement.

Grubbs's PSR classified him as a career offender, set his base offense level at 34, and subtracted two levels for acceptance of responsibility. The total offense level of 32 and Grubbs's criminal history category of VI produced a sentencing range of 210 to 262 months. Grubbs's plea agreement provided that he could move, without opposition from the government, for a downward departure under U.S.S.G. § 4A1.3, p.s. (adequacy of criminal history category) to a sentence of not less than 121 months. At sentencing, Grubbs moved for a departure to 121 months. The Court granted Grubbs's motion and sentenced him to 121 months of imprisonment and five years of supervised release.

Grubbs now appeals his sentence, and counsel has filed a brief under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Grubbs conceded in his plea agreement that he was subject to a sentencing range of 210 to 262 months, and he ultimately received a much lower sentence, as anticipated in the agreement. In these circumstances, he has no basis for an appeal against sentence. *See United States v. Womack,* 985 F.2d 395, 400 (8th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 276, —— L.Ed.2d —— (1993); *United States v. Durham,* 963 F.2d 185, 187 (8th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 662, 121 L.Ed.2d 587 (1992). Having reviewed the record, we find no other non-frivolous issues. *See Penson v. Ohio,* 488 U.S. 75, 80, 109 S.Ct. 346, 350, 102 L.Ed.2d 300 (1988).

Accordingly, we affirm.