57 F.3d 1074
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Robert P. ROBERTSON, Appellant.
 No. 94-2935
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Dec. 13, 1994
Filed: May 22, 1995
 
 Before McMILLIAN, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and SHAW,* District Judge.
 PER CURIAM.
 
 
 1
 Robert P. Robertson appeals from a final judgment entered in the United States District Court for the District of Nebraska[1] sentencing him under the federal sentencing guidelines to a 105- month term of imprisonment following his guilty plea to a narcotics charge. For reversal, Robertson argues that the district court erred in refusing to depart downward to a sentencing range of 84-96 months. For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 Robertson was charged in a two-count indictment with conspiracy to distribute and to possess with intent to distribute 5 kilograms or more of cocaine and 50 kilograms or more of marijuana, in violation of 21 U.S.C. Sec. 846 (Count I), and possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. Sec. 841(a)(1) (Count II). Pursuant to a plea agreement, Robertson pleaded guilty to Count I and provided substantial assistance in the investigation and prosecution of others. In exchange, the government agreed to move the district court for a downward departure from the applicable sentencing guideline range and to dismiss Count II of the indictment. At sentencing, the government moved for dismissal of Count II and moved for a downward departure based upon Robertson's substantial assistance pursuant to United States Sentencing Guideline Sec. 5K1.1 and recommended a sentence of 131 months. The district court dismissed Count II and imposed a sentence of 105 months which was a downward departure from the applicable sentencing guideline range of 262-327 months.
 
 
 3
 Dissatisfied with the extent of the downward departure, Robertson appeals the 105 month sentence. Robertson argues that the extent of the district court's downward departure did not reflect the degree of his substantial assistance or the risk of danger he faced while he assisted in the investigation. We cannot be persuaded into reviewing the district court's refusal to grant a more generous downward departure to a cooperating defendant. Any challenge to the extent of district court's departure is non- reviewable on appeal. United States v. Patterson, 11 F.3d 824, 826 (8th Cir. 1993); United States v. Sharp, 931 F.2d 1310 (8th Cir. 1991).
 
 
 4
 Accordingly, we affirm.
 
 
 
 *
 The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri, sitting by designation
 
 
 [1]
 The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska