69 F.3d 542
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Courtney FORBES, Appellant.
 No. 95-1907.
 United States Court of Appeals, Eighth Circuit.
 Submitted: Oct. 20, 1995.
Nov. 3, 1995.
 
 Before BOWMAN, BEAM and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Courtney Forbes challenges the 115-month sentence imposed on him by the district court[1] following his guilty plea to attempted possession of cocaine with intent to distribute, in violation of 21 U.S.C. 841(a)(1), and illegal re-entry into the United States after deportation, in violation of 8 U.S.C. Sec. 1326(a). At sentencing, the district court reduced Forbes's base offense level by two levels for acceptance of responsibility pursuant to U.S.S.G. Sec. 3E1.1(a). For reversal, Forbes argues the district court erred in denying him an additional one-level reduction pursuant to U.S.S.G. Sec. 3E1.1(b)(2).
 
 
 2
 The record shows that, in addition to filing numerous pretrial motions, Forbes caused the government to expend significant time and expense in preparing for trial because he did not plead guilty until the morning of his scheduled trial date. See United States v. Thompson, 60 F.3d 514, 517 (8th Cir.1995) (finding no clear error in denial of Sec. 3E1.1(b)(2) reduction where defendant did not timely notify government of intent to plead guilty and government "had essentially already completed its preparations for trial"); United States v. McClain, 30 F.3d 1172, 1174 (9th Cir.) (per curiam) (no entitlement to Sec. 3E1.1(b)(2) reduction where defendant entered guilty plea eleven days before trial and significant trial preparation had occurred), cert. denied, 115 S.Ct. 609 (1994); Patterson, 11 F.3d 824, 825-26 (8th Cir.1993) (per curiam) (no clear error in denial of Sec. 3E1.1(b) reduction where defendant did not plead guilty until day of trial after filing numerous pretrial motions). Accordingly, we conclude the district court did not clearly err in denying Forbes the additional one-level reduction. See United States v. Patterson, 11 F.3d at 825 (standard of review).
 
 
 3
 The judgment is affirmed.
 
 
 4
 A true copy.
 
 
 
 [1]
 The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri