UNITED STATES of America, Appellee,

v.

Juan Francisco Gomez TOLEDO, also known as Rudy Martinez, Appellant.

No. 95–2178.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 17, 1995.

Decided Nov. 29, 1995.

Lelia L. Hood, Rapid City, SD, argued, for appellant.

Steven D. Rich, Asst. U.S. Atty., Rapid City, SD, argued, for appellee.

Before FAGG, LAY, and HANSEN, Circuit Judges.

PER CURIAM.

Juan Francisco Gomez Toledo, a Mexican citizen, is a habitual violator of the United States immigration laws. After his most recent deportation, Toledo illegally reentered the United States, traveled to South Dakota, and took up residence on the Pine Ridge Indian Reservation. Toledo brandished a gun during a dispute with another man on the reservation, and tribal police responding to the disturbance arrested Toledo. A federal grand jury then indicted Toledo for immigration and firearms offenses. The district court denied Toledo's motion to dismiss the indictment for lack of jurisdiction. Reserving the right to appeal the jurisdictional issue, Toledo entered a conditional guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and illegally reentering the United States in violation of 8 U.S.C. § 1326. The district court sentenced Toledo to eighty-four months imprisonment. Toledo appeals his convictions and sentences, and we affirm.

Toledo contends the district court lacked jurisdiction over this case because Toledo committed his crimes on the reservation and the resident Oglala Sioux Tribe has exclusive, sovereign authority to regulate aliens and immigration on tribal lands. Essentially, Toledo contends he has the right to live on the reservation and the federal government cannot touch him. We disagree. Although Toledo is married to a member of the Oglala Sioux Tribe, Toledo is not a tribe member. Thus, the tribe's sovereignty does not include criminal jurisdiction to prosecute Toledo for his offenses. *Oliphant v. Suquamish Indian Tribe*, 435 U.S. 191, 195–96, 98 S.Ct. 1011, 1014–15, 55 L.Ed.2d 209 (1978). Contrary to Toledo's viewpoint, the tribe only retains the powers of self-governance necessary "to control [the tribe's] own internal relations, and to preserve [its] own unique customs and social order." *Duro v. Reina*, 495 U.S. 676, 685–86, 110 S.Ct. 2053, 2060, 109 L.Ed.2d 693 (1990). Because the tribe is a limited sovereign subject to the overriding authority of the United States, an alien like Toledo cannot exempt himself from prosecution for federal crimes by moving to the reservation. *Id.* at 685, 694, 110 S.Ct. at 2059–60, 2064. We decline Toledo's suggestion to transform Indian reservations into havens where illegal aliens can flaunt the federal criminal statutes and immigration laws.

Toledo also challenges his sentence imposed under the federal sentencing guidelines, but his contentions fail. The district court correctly refused to hear Toledo's collateral attack on an earlier state conviction used to enhance Toledo's federal sentence, because Toledo was represented by counsel when he pleaded guilty to the earlier offense in state court. *See Custis v. United States*, —— U.S. ——, ——, 114 S.Ct. 1732, 1738, 128 L.Ed.2d 517 (1994). Toledo may not collaterally attack the state conviction by arguing that his state court counsel was ineffective or that Toledo could not understand his state

court guilty plea because his English skills were poor. *Id.*

■ We also conclude the district court properly reduced Toledo's base offense level by only two levels for acceptance of responsibility. *See* U.S.S.G. § 3E1.1 (1993). The district court found Toledo did not assist the Government in its investigation or timely enter his guilty plea, and these findings are not clearly erroneous. *See United States v. Patterson,* 11 F.3d 824, 825 (8th Cir.1993) (per curiam). Toledo argues his plea was timely, but Toledo did not plead guilty until after the Government participated in a preliminary hearing and a hearing on Toledo's motion to dismiss and spent three months preparing for Toledo's trial. *See id.* at 825–26. Toledo thus does not qualify for an additional one-level reduction under § 3E1.1(b).

■ Finally, we cannot review the district court's refusal to depart downward from the guidelines sentencing range. The sentencing transcript shows the district court realized it had the authority to depart downward based on Toledo's claim of mitigating circumstances, but decided a departure was unwarranted. *See United States v. Henderson–Durand,* 985 F.2d 970, 976 (8th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 164, 126 L.Ed.2d 125 (1993).

We thus affirm Toledo's convictions and sentences.