_____

No. 95-4106
_____

United States of America,          *
                                   *
          Appellee,                *  Appeal from the United States
                                   *  District Court for the
     v.                            *  Northern District of Iowa.
                                   *
Jerry Gary,                        *          [UNPUBLISHED]
                                   *
          Appellant.               *


_____

          Submitted:  April 17, 1996

             Filed:  April 23, 1996
_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.

     Jerry Gary pleaded guilty to distributing and possessing with intent
to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and
(b)(1)(B).  The district court[1] granted Gary a two-level reduction for
acceptance of responsibility under U.S.S.G. § 3E1.1(a), but denied his
request for an additional one-level reduction under U.S.S.G. § 3E1.1(b)(2).
The district court sentenced him to 84 months imprisonment and five years
supervised release.  Gary appeals, and we affirm.

     Section 3E1.1(b)(2) allows a further one-level reduction when the
defendant has assisted authorities by "timely notifying [them] of his
intention to enter a plea of guilty, thereby permitting the

_____

[1]The Honorable Michael J. Melloy, Chief Judge, United States
District Court for the Northern District of Iowa.

government to avoid preparing for trial and permitting the court to allocate its resources efficiently."  The district court did not clearly err in denying Gary this additional reduction.  See United States v. Patterson, 11 F.3d 824, 825 (8th Cir. 1993) (per curiam) (standard of review).  Gary did not plead guilty until the morning of trial, he had filed numerous pretrial motions, and the government expended significant time and expense in preparing for trial.  See United States v. Thompson, 60 F.3d 514, 517 (8th Cir. 1995); Patterson, 11 F.3d at 825-26.  We reject Gary's argument that the government caused the late plea by delaying his access to the audio tape of the drug transaction until the day before trial, because Gary could have pleaded guilty before listening to the tape. Cf. United States v. Davis, 516 F.2d 574, 577 (7th Cir. 1975) (acknowledgment of truth of all facts essential to guilt is not necessary to satisfy factual-basis requirement for acceptance of plea).  Furthermore, Gary does not dispute he was informed a week before the trial date that a co-defendant would testify against him, and he initially rejected the plea agreement after listening to the tape.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-