83 F.3d 425
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Jerry GARY, Appellant.
 No. 95-4106.
 United States Court of Appeals, Eighth Circuit.
 Submitted April 17, 1996.
Decided April 23, 1996.
 
 Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jerry Gary pleaded guilty to distributing and possessing with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The district court[1] granted Gary a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a), but denied his request for an additional one-level reduction under U.S.S.G. § 3E1.1(b)(2). The district court sentenced him to 84 months imprisonment and five years supervised release. Gary appeals, and we affirm.
 
 
 2
 Section 3E1.1(b)(2) allows a further one-level reduction when the defendant has assisted authorities by "timely notifying [them] of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently." The district court did not clearly err in denying Gary this additional reduction. See United States v. Patterson, 11 F.3d 824, 825 (8th Cir.1993) (per curiam) (standard of review). Gary did not plead guilty until the morning of trial, he had filed numerous pretrial motions, and the government expended significant time and expense in preparing for trial. See United States v. Thompson, 60 F.3d 514, 517 (8th Cir.1995); Patterson, 11 F.3d at 825-26. We reject Gary's argument that the government caused the late plea by delaying his access to the audio tape of the drug transaction until the day before trial, because Gary could have pleaded guilty before listening to the tape. Cf. United States v. Davis, 516 F.2d 574, 577 (7th Cir.1975) (acknowledgment of truth of all facts essential to guilt is not necessary to satisfy factual-basis requirement for acceptance of plea). Furthermore, Gary does not dispute he was informed a week before the trial date that a co-defendant would testify against him, and he initially rejected the plea agreement after listening to the tape.
 
 
 3
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa