**UNITED STATES of America, Appellee,**

v.

**Jeffrey Glenn HOLT, Appellant.**

**No. 97–3645.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 14, 1998.

Decided June 10, 1998.

Jeffrey Taylor, Cedar Rapids, Iowa, argued, for appellant.

Robert Lee Teig, Cedar Rapids, Iowa, argued, for appellee.

Before WOLLMAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

BEAM, Circuit Judge.

Jeffrey Glenn Holt appeals his sentence following a guilty plea to drug charges. We affirm.

## I. BACKGROUND

Jeffrey Holt, his twin brother James, and one other associate were discovered in possession of more than 150 rocks of crack cocaine, weighing a total of 52.898 grams. They were charged in a multi-count indictment with violations of the controlled substance laws. On the morning his trial was scheduled to begin, Holt agreed to plead guilty to count three of the indictment, which charged him with conspiracy to distribute crack·cocaine. In the written plea agreement, Holt acknowledged that "this offense is punishable by a mandatory minimum of at least 10 years imprisonment." At the plea colloquy, the district court[1] repeatedly informed Holt that the mandatory minimum sentence he faced was ten years.

---

1. The Honorable Michael J. Melloy, Chief United States District Judge for the Northern District of Iowa.

Before his sentencing, Holt retained new counsel, who noticed for the first time that the indictment referred to 21 U.S.C. § 841(b)(1)(B) rather than 841(b)(1)(A). The difference is that subsection (A) imposes a mandatory ten-year minimum sentence on those who, like Holt, possessed fifty grams or more of cocaine base. Subsection (B), which was erroneously referenced in the indictment, applies a five-year mandatory minimum sentence to those who possessed between five and fifty grams of cocaine base. Holt argued that he should be sentenced under the five-year mandatory minimum of 841(b)(1)(B) rather than the ten-year minimum of 841(b)(1)(A).

The district court applied the ten-year mandatory minimum; imposed a two-level enhancement for obstruction of justice under section 3C1.1 of the U.S. Sentencing Guidelines; and granted a two-level reduction for acceptance of responsibility under section 3E1.1. Holt appeals.

## II. DISCUSSION

### A. Applicable Mandatory Minimum

■ Holt argues that his sentence violates the Double Jeopardy Clause. He reasons that when the district court accepted his guilty plea to count three of the indictment with its reference to 841(b)(1)(B), jeopardy attached to that offense.

■ The Double Jeopardy Clause provides: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. Application of 841(b)(1)(B) to Holt's case does no violence to this principle because neither 841(b)(1)(A) nor 841(b)(1)(B) describes a substantive offense; they are merely sentence-enhancement statutes. See United States v. Wood, 834 F.2d 1382, 1390 (8th Cir.1987). The substantive offense to which jeopardy attached is conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 841(a). The drug quantity is not an essential element of that offense. See United States v. Luster, 896 F.2d 1122, 1126 (8th Cir.1990). We find that the district court's sentencing under 841(b)(1)(B) was therefore appropriate.

### B. Obstruction of Justice and Acceptance of Responsibility

■ While awaiting trial, Holt attempted to deliver a note to his brother which was intercepted by a jailor. The note recites a version of the brothers' crime that varies substantially from James's prior statements to the authorities and from Holt's own incriminating statements.

The district court applied a two-level enhancement under section 3C1.1 of the Guidelines on the ground that this correspondence constituted an attempt to obstruct the administration of justice. Holt claims this was error, arguing that the note stated the facts as he believed and continues to believe them to be. Finding this incredible, the district court determined that the letter was written in an attempt to get James to commit perjury and manufacture testimony.

■ We review the district court's factual findings relative to sentencing enhancements for clear error. See United States v. Gjerde, 110 F.3d 595, 604 (8th Cir.), cert. denied, —— U.S. ——, 118 S.Ct. 367, 139 L.Ed.2d 285 (1997). The district court was in the best position to make a credibility determination about Holt's motives and veracity. See United States v. Drapeau, 121 F.3d 344, 351 (8th Cir.1997). We have carefully reviewed the record and are convinced the court did not err.

■ Finally, the district court granted Holt a two-level reduction under section 3E1.1 for acceptance of responsibility. Holt argues that he was entitled to a three-level reduction under section 3E1.1(b). We give due deference to a sentencing court's refusal to grant a reduction for acceptance of responsibility and will reverse only for clear error. See United States v. Patterson, 11 F.3d 824, 825 (8th Cir.1993) (per curiam). The district court here noted that it was a "close question" whether to grant any 3E1.1 reduction at all, remarking that obtaining Holt's cooperation was "like pulling teeth." In order to receive the additional one-level reduction, Holt's cooperation must have been offered in a timely manner, and the district court held that an offer to plead and cooper-

ate on the morning of trial was not timely. We find no error in this ruling.

### III. CONCLUSION

We have carefully considered all of Holt's arguments and find them meritless. The district court's sentence is affirmed.