# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-4116

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas |
| Howard Lee Mathis, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: August 5, 1999
Filed: August 12, 1999

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Howard Lee Mathis appeals from the final judgment entered in the District Court[1] for the Eastern District of Arkansas after he pleaded guilty to conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846. The district court sentenced appellant to 97 months imprisonment and 4 years supervised release. For reversal, he argues through counsel that the disparity between penalties for crack cocaine and powder cocaine violates the Equal Protection Clause because most crack cocaine offenders are African-American and most powder cocaine offenders are white and that

_____

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

Congress purposefully discriminated in, and lacked a rational basis for, enacting this sentencing scheme. He raises four additional arguments in a pro se supplemental brief. For the reasons discussed below, we affirm the judgment of the district court.

We have consistently rejected appellant's crack v. powder cocaine disparity arguments. See United States v. Clary, 34 F.3d 709, 712 (8th Cir. 1994) (collecting cases), cert. denied, 513 U.S. 1182 (1995). His ineffective-assistance-of-counsel claim would be more appropriately raised in 28 U.S.C. § 2255 proceedings. See United States v. Martin, 59 F.3d 767, 771 (8th Cir. 1995). We conclude that the district court did not clearly err in denying Mathis an additional 1-level acceptance-of-responsibility decrease, see United States v. Holt, 149 F.3d 760, 762 (8th Cir. 1998) (standard of review); that the district court did not plainly err in not granting an unrequested downward departure, see United States v. Montanye, 996 F.2d 190, 192 (8th Cir. 1993) (en banc) (standard of review); and that the district court did not plainly err in determining that the drug attributable to Mathis was crack cocaine, see id. (standard of review).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-