# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3107

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Nebraska. |
| Jose Garcia-Guzman, also known as | * | |
| Jose G. Garcia, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: July 1, 2003

Filed: July 8, 2003

_____

Before MORRIS SHEPPARD ARNOLD, BYE, and RILEY, Circuit Judges.

_____

PER CURIAM.

Jose Garcia-Guzman appeals the sentence the district court[1] imposed after he pleaded guilty to conspiring to distribute and possess with intent to distribute 50 grams or more of a mixture containing methamphetamine in violation of 21 U.S.C. § 846, and to distributing 50 grams or more of a mixture containing methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1). At sentencing, the

_____

[1]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

district court overruled Mr. Garcia-Guzman's objection to an obstruction-of-justice sentencing enhancement, and, after finding his criminal history was not overstated, sentenced him to 168 months imprisonment and 5 years supervised release.

Mr. Garcia-Guzman argues that the district court erred in assessing the obstruction-of-justice enhancement, and that two prior jail sentences in his criminal history were related and thus should have been counted as only one for purposes of assessing criminal history points. After careful review of the record, we find that the district court did not clearly err in assessing the obstruction-of-justice enhancement. Mr. Garcia-Guzman's letters to his coconspirator could easily be construed as an attempt to get her to lie in or out of court. See U.S.S.G. § 3C1.1, comment. (nn.4(a) & (b)); United States v. Holt, 149 F.3d 760, 762 (8th Cir. 1998).

We review Mr. Garcia-Guzman's second argument only for plain error, as it was not raised in the district court. See United States v. Montanye, 996 F.2d 190, 192 (8th Cir. 1993) (en banc). We find no error, plain or otherwise: because the offenses underlying Mr. Garcia-Guzman's prior jail sentences were separated by an intervening arrest, the sentences cannot be considered related under the Guidelines. See U.S.S.G. § 4A1.2, comment. (n.3) (prior sentences are not considered related if they were for offenses separated by intervening arrest).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-