# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2779

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Arkansas. |
| Roshaun D. Terry, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |
| | * | |

_____

Submitted: May 9, 2011
Filed: June 27, 2011

_____

Before MURPHY, BEAM, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Roshaun D. Terry (Terry) pled guilty to aiding and abetting possession with intent to distribute more than 50 grams of a mixture or substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii) and 18 U.S.C. § 2.[1] The

_____

[1] 21 U.S.C. § 841(b)(1)(A)(iii) was amended pursuant to the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (Aug. 3, 2010), to replace 50 grams with 280 grams of a mixture or substance containing cocaine base. This amendment does not affect the present case, however, because Terry committed the crime at issue in November 2009 and the Fair Sentencing Act is not retroactive. United States v. Spires, 628 F.3d 1049, 1055 (8th Cir. 2011), cert. denied, 2011 WL 1456870 (U.S.

district court[2] calculated Terry's advisory United States Sentencing Guidelines (Guidelines) range at 262 to 327 months' imprisonment and imposed a below-Guidelines sentence of 175 months' imprisonment, to be served consecutively to Terry's undischarged state term of imprisonment. Terry appeals, asserting that his sentence is substantively unreasonable. We affirm.

Following Terry's arrest for the instant offense, Terry, with the aid of a state public defender, pled guilty in state court to petitions to revoke (PTRs) parole and a suspended state sentence. Later, Terry pled guilty to the instant federal drug offense and the federal district court imposed a 175-month sentence, to be served consecutively to his state term of imprisonment. Now, Terry asserts that his sentence is unreasonable because (1) it is consecutive to his undischarged state term of imprisonment; and (2) it is greater than necessary to accomplish the sentencing goals in 18 U.S.C. § 3553(a).

Commingled with Terry's challenges is his contention that the state public defender rendered ineffective assistance by failing to inform Terry before he pled guilty to the PTRs that the federal district court could later impose a consecutive sentence. But, "the fact that a defendant received ineffective assistance of counsel does not speak to . . . the factors a court must consider when imposing a sentence." United States v. Young, 315 F.3d 911, 915 (8th Cir. 2003); see also United States v. Crippen, 961 F.2d 882, 885 (9th Cir. 1992) ("The receipt of ineffective assistance of counsel [in a prior state court proceeding] is simply not a 'mitigating or aggravating' circumstance or otherwise a sentencing factor pursuant to § 3553(a)."). And, to the extent that Terry attempts to collaterally attack his state court convictions on the basis of ineffective assistance of counsel, his attack is foreclosed by our precedent. United

May 16, 2011).

[2]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

States v. Toledo, 70 F.3d 988, 989 (8th Cir. 1995) (per curiam); United States v. Jones, 28 F.3d 69, 70 (8th Cir. 1994) (per curiam).

We review the district court's decision to impose a consecutive sentence for reasonableness. United States v. McDonald, 521 F.3d 975, 980 (8th Cir. 2008). We note that Application Note 3(C) to Guideline § 5G1.3(c) "recommends that the sentence for the instant offense be imposed consecutively to the sentence imposed for [a state probation, parole, or supervised release] revocation." But, even if the Guidelines did not recommend a consecutive sentence here, "the district court has broad statutory authority, pursuant to 18 U.S.C. § 3584, to impose consecutive terms." United States v. Lone Fight, 625 F.3d 523, 525 (8th Cir. 2010), cert. denied, 2011 WL 1456844 (May 16, 2011). To determine whether sentences should run consecutively or concurrently, 18 U.S.C. § 3584(b) requires district courts to "consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)." Here, the district court expressly considered the § 3553(a) factors, noted Terry's "three serious, serious convictions in the state system," and emphasized the fact that Terry had "received . . . not much more than slaps on the wrists for those" convictions. We conclude that the district court's decision to impose a consecutive sentence was not unreasonable.

Finally, we review Terry's substantive unreasonableness challenge under a deferential abuse-of-discretion standard. United States v. Lazarski, 560 F.3d 731, 733 (8th Cir. 2009). Where, as here, the district court imposes a below-Guidelines sentence, "it is nearly inconceivable that the court abused its discretion in not varying downward still further." Id. The record reveals that the district court properly considered the § 3553(a) factors, and we find no abuse of discretion.

For the foregoing reasons, we affirm.

_____