**UNITED STATES of America, Appellee,**

v.

**John James JACKSON, Appellant.**

No. 94–1231.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 8, 1994.

Decided Dec. 5, 1994.

**1232**

Douglas Peine, St. Paul, MN, argued, for appellant.

D. Gerald Wilhelm, Asst. U.S. Atty., Minneapolis, MN, argued, for appellee.

Before McMILLIAN, Circuit Judge, HEANEY, Senior Circuit Judge, and LOKEN, Circuit Judge.

PER CURIAM.

John James Jackson appeals from a final judgment entered in the District Court[1] for the District of Minnesota, upon a jury verdict, finding him guilty of bank robbery in violation of 18 U.S.C. § 2113(a), (d). The district court sentenced Jackson as a career offender to a term of 300 months imprisonment, 5 years supervised release and a special assessment of $50.00. For reversal Jackson argues the district court erred in making certain prejudicial comments during the testimony of Jackson and other witnesses and in denying his motion for mistrial following certain remarks made by the prosecutor during the rebuttal portion of closing argument. Jackson also argues he did not receive effective assistance of counsel at trial. For the reasons discussed below, we affirm the judgment of the district court.

On November 13, 1992, at about 10:40 a.m., Jackson robbed the Cedar Riverside Community Bank of $1,710.00. He showed a teller a "holdup" note, a gun and what he told the teller was a bomb but was actually a paper bag of rocks. After the robbery, a bank employee followed Jackson out of the bank to a nearby apartment building and called the bank with the address. A short time later the police arrested Jackson in one of the apartments. Inside the apartment the police recovered the money from the robbery, a BB gun, money bag, "holdup" note, clothing the robber had been wearing, and a paper bag filled with rocks (the bomb).

Jackson was charged with bank robbery. At trial Jackson testified in his own defense. He admitted robbing the bank, but he claimed that members of a street gang had coerced him into committing the bank robbery. He testified that three gang members, whom he could identify only by their nicknames, had kidnapped him, threatened to kill him and held him hostage for several days. He further testified that he suggested the bank robbery as a means of escaping his captors. Jackson testified that during the robbery he told the teller to lock the door and call security, but the teller testified that he never heard Jackson say those words.

The jury found Jackson guilty of bank robbery. The district court sentenced Jackson as a career offender to 300 months imprisonment, 5 years supervised release, and a special assessment of $50.00. This appeal followed.

DISTRICT COURT COMMENTS

■ First, Jackson argues the district court erred in making certain prejudicial comments during the testimony of Jackson and other witnesses. He argues these comments indicated the district court was biased against him and in favor of the government and that he should be granted a new trial. We have reviewed the comments cited by Jackson, and we do not agree that the comments were prejudicial. For example, the district court did ask Jackson to raise his voice, but the district court also asked other witnesses to do so, including government witnesses, evidently because the acoustics in the

---

1. The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

courtroom made it difficult to hear the witnesses. Similarly, the district court's telling Jackson that, as a witness, his role was to answer questions, not ask them, and asking whether the prosecutor intended to cross-examine Jackson were comments about the management of trial proceedings. The district court's comments that the "holdup" note was a withdrawal slip and not a deposit slip and about the name of a government witness may have been somewhat glib, but they were not the kind of comment that in any way seriously suggested to the jury that the district court either favored the government's case or disparaged the defense. Even assuming for purposes of analysis that the district court's comments were prejudicial, these comments did not "pervade[ ] the overall fairness of the proceedings." *United States v. Bland,* 697 F.2d 262, 265 (8th Cir. 1983) (footnote omitted).

## PROSECUTION COMMENTS

■ Jackson also argues the district court erred in denying his motion for mistrial because of prosecutorial misconduct. During the rebuttal portion of closing argument, the prosecutor repeatedly noted Jackson's prior criminal record. The district court interrupted the prosecutor and told the prosecutor to pursue a different line of argument. At the end of the closing argument, defense counsel objected and moved for a mistrial on the ground of prosecutorial misconduct. The district court denied the motion for mistrial and gave a lengthy cautionary instruction to the jury on the limited relevance of Jackson's prior criminal record. We hold the district court did not abuse its discretion in denying the motion for mistrial.

■ "The test for reversible prosecutorial misconduct has two parts: (1) the prosecutor's remarks or conduct must in fact have been improper, and (2) such remarks or conduct must have prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair trial." *United States v. Hernandez,* 779 F.2d 456, 458 (8th Cir. 1985). We will assume for purposes of analysis that the prosecutor's remarks about Jackson's prior criminal record were improper. Although the prosecutor argues that the re-marks properly attacked Jackson's credibility as a witness, such references to Jackson's prior criminal record, including the nature of his prior convictions, improperly suggested to the jury that Jackson was guilty of the offense charged because he had committed other crimes in the past.

Turning to the second part of the test, we must next decide "whether the conduct, when reviewed in the context of the whole trial, was so offensive as to deprive the defendant of a fair trial." *Id.* at 460 (multiple quotation marks omitted). "There are three factors that the courts usually consider to determine the prejudicial effect of prosecutorial misconduct: (1) the cumulative effect of such misconduct; (2) the strength of the properly admitted evidence of the defendant's guilt; and (3) the curative actions taken by the trial court." *Id.* In the present case the cumulative effect of the prosecutor's remarks was slight; these remarks were made during the rebuttal portion of closing argument and, following the district court's interruption and instruction, the prosecutor did not resume this line of argument. Jackson was thoroughly cross-examined about his criminal record. There was considerable evidence of guilt. Jackson admitted committing the bank robbery, and the police found the robbery proceeds and other evidence connecting him with the robbery in the apartment where they arrested him; his theory of defense was coercion. Finally, the district court took prompt remedial action. The district court explained to the jury why it had interrupted the closing argument and instructed the prosecutor to pursue a different line of argument and cautioned the jury at length about the limited relevance of a defendant's prior criminal record. The district court specifically instructed the jury that it could not consider the evidence of other crimes as evidence of guilt of the offense charged.

## INEFFECTIVE ASSISTANCE OF COUNSEL

■ Jackson also argues he did not receive effective assistance of counsel at trial because defense counsel failed to request a downward departure on the ground that his criminal history category significantly over-represented the seriousness of his criminal

history or the likelihood that he will commit further crimes pursuant to Sentencing Guidelines § 4A1.3. Jackson's claim of ineffective assistance of counsel is premature. Except in rare circumstances, claims of ineffective assistance of counsel should be raised for the first time in collateral proceedings under 28 U.S.C. § 2255 and not on direct appeal. *See, e.g., United States v. Lewin,* 900 F.2d 145, 149 (8th Cir.1990).

Accordingly, the judgment of the district court is affirmed. The affirmance is without prejudice to Jackson's right to raise his ineffective assistance of counsel claim in a 28 U.S.C. § 2255 proceeding.