**Alan J. FLEMING, Appellant,**

v.

**Barry J. HARRIS, Serial 33096, Police Officer for the Kansas City, Missouri Police Department, Appellee.**

No. 94–1502.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 16, 1994.

Decided Nov. 15, 1994.

Rehearing Denied Dec. 16, 1994.

---

David Durbin, Kansas City, MO, argued, for appellant.

Dale Close, Kansas City, MO, argued (Kevin Phillips, on the brief), for appellee.

Before Richard S. ARNOLD, Chief Judge, WOLLMAN and BEAM, Circuit Judges.

BEAM, Circuit Judge.

Alan J. Fleming appeals from an adverse judgment in his 42 U.S.C. § 1983 action for damages for use of excessive force by a police officer. We affirm.

## I. BACKGROUND

Fleming backed his vehicle out of a friend's driveway and bumped a parked car. He went to the door of a neighboring house to tell the presumed owner of the car what had happened. The owner became irate and called police to the scene. An altercation ensued and Fleming was arrested. He was handcuffed and suffered injury to his wrists.

Fleming filed this action for damages against Officer Harris for deprivation of his First, Fourth, Fifth and Fourteenth Amendment rights and for assault and battery, malicious prosecution, and false imprisonment. The matter was tried to a jury. At the close of the evidence, the district court[1] dismissed all claims except Fleming's section 1983 claim that Officer Harris had used excessive force in effecting the arrest. The jury returned a verdict against Fleming on that claim.

On appeal, Fleming raises numerous points of error,[2] only a few of which merit discussion. The alleged errors can be summarized as: 1) refusing Fleming's proffered jury instructions; 2) improperly admitting certain evidence; 3) failing to strike a portion of Harris's closing statement; and 4) allow-

ing Fleming's counsel to withdraw three months before trial.

## II. DISCUSSION

### A. Jury Instructions

A district court has considerable discretion in charging the jury. *Kansas City Power & Light Co. v. Ford Motor Credit Co.,* 995 F.2d 1422, 1432 (8th Cir.1993). The district court need not give every proposed instruction as long as the court adequately presents the law and the issues to the jury. *Id.* Accordingly, when reviewing a claim of instructional error, we consider the instructions in their entirety and determine whether, when read as a whole, the charge fairly and adequately submits the issues to the jury. *Farmland Indus., Inc. v. Morrison–Quirk Grain Corp.,* 987 F.2d 1335, 1341 (8th Cir.1993). We have reviewed the instructions tendered by the district court and find that they fairly and adequately presented the issues of the case to the jury.

In connection with his jury instruction argument, Fleming also argues that the district court should have submitted the issue of probable cause to arrest to the jury. Although probable cause in a section 1983 action is sometimes a jury question, when the issue of probable cause arises in a damage suit and the facts are not disputed or are susceptible to only one reasonable inference, the question is one of law for the court. *Warren v. City of Lincoln,* 864 F.2d 1436, 1439 (8th Cir.1989) (en banc), *cert. denied,* 490 U.S. 1091, 109 S.Ct. 2431, 104 L.Ed.2d 988 (1989). This is such a case. There is essentially no dispute that Fleming backed into a parked vehicle. The district court found as a matter of law that the officer had

---

1. The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

2. Specifically, he asserts that the district court erred in: 1) refusing to allow him to impeach certain testimony; 2) allowing substituted copies of exhibits to go to the jury; 3) ruling as a matter of law that Officer Harris had probable cause to arrest Fleming; 4) refusing to instruct the jury on Fleming's claims for discriminatory arrest, deprivation of the right against self-incrimination, false arrest, denial of due process, malicious

prosecution, abuse of process, punitive damages, and breach of nonresident violator compact; 5) refusing to instruct the jury that Fleming had no duty to give the officer information; 6) refusing to instruct the jury on the Missouri Nonresident Violator Compact; 7) allowing a "Golden Rule" argument; 8) allowing testimony that Fleming made racial slurs; 9) permitting withdrawal of Fleming's attorney; and 10) allowing testimony that Fleming was under the influence of drugs or alcohol.

probable cause to arrest Fleming for careless driving. We find no error in the district court's holding.

### B. Evidence

■ As with jury instructions, a district court has broad discretion in ruling on the admissibility of proffered evidence. *Dillon v. Nissan Motor Co.,* 986 F.2d 263, 270 (8th Cir.1993). Accordingly, we will not disturb a district court's evidentiary ruling absent a clear and prejudicial abuse of that discretion. *Id.*

■ Fleming first asserts that the district court erroneously refused to allow him to impeach witnesses with edited transcriptions of the witnesses' earlier taped statements. The reason for excluding the evidence is not clear from the record. The district court alluded to lack of foundation, failure to comply with the pretrial order, and a lack of opportunity for the witnesses to review and compare the written transcripts with the tape recordings. It is undisputed that the transcripts had been edited and that the tapes from which the transcriptions were made were not made available to the witnesses for comparison. This would not have made earlier statements by the witnesses inadmissible, at least for impeachment purposes. Even if the exclusion of the evidence was erroneous, however, Fleming has not shown he was harmed. Indeed, our review of the record indicates that the information was substantively irrelevant and of almost no value for any other purpose. Thus, we cannot say that the district court abused its discretion when it refused to receive the disputed evidence. *See Fed.R.Evid.* 403.

■ Fleming next asserts that the district court improperly substituted original documents for photocopies when the exhibits were sent to the jury room. The record reveals no objection to the substitution. Where an appellant has not properly preserved an issue for review, this court reviews only for plain error. *United States v. Swanson,* 9 F.3d 1354, 1356 (8th Cir.1993). Under plain error review, an error not identified by a contemporaneous objection is grounds for reversal only if the error prejudices the substantial rights of the defendant and would

result in a miscarriage of justice if left uncorrected. *Id.* at 1356–57. We find no plain error here.

### C. Closing Argument

■ Fleming next asserts that the district court erred in not striking Harris's closing argument. Fleming takes issue with a "Golden Rule" argument advanced by Harris's counsel in closing, but Fleming failed to object to this argument at trial. Again, we review the comments only for plain error. *United States v. King,* 36 F.3d 728, 734 (8th Cir.1994). If an arguably improper statement made during closing argument is not objected to by opposing counsel, we will reverse only under exceptional circumstances. *Id.* After carefully reviewing the record, we determine that no plain error occurred and that no exceptional circumstances exist.

### D. Withdrawal of Counsel

■ The decision to allow counsel to withdraw is left to the discretion of the district court. *See Whitmore v. Avery,* 26 F.3d 1426, 1430 (8th Cir.1994) (district court has substantial discretion in dealing with an attorney conflict of interest), *pet. for cert. filed,* (U.S. Sept. 22, 1994) (No. 94–6155). Fleming's counsel moved to withdraw three months before trial. The motion recited fundamental disagreements with Fleming and stated that Fleming, an attorney, was capable of handling his own case. Fleming did not object to the motion, and later filed pleadings "pro se." We find no abuse of discretion in the district court's decision to allow counsel to withdraw.

### III. CONCLUSION

We have considered the other issues raised by Fleming and find them to be without merit. For the reasons set forth above, we affirm the district court.