_____

No. 95-1254
_____

United States of America,           *
                                    *
          Appellee,                 *
                                    *   Appeal from the United States
     v.                             *   District Court for the
                                    *   Northern District of Iowa.
Lamarr Love,                        *
                                    *        **[UNPUBLISHED]**
          Appellant.                *

_____

                    Submitted:  March 25, 1996

                        Filed:  March 27, 1996
                    _____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
                    _____


PER CURIAM.


     The government charged Lamarr Love with one count of distributing
cocaine, and two counts of distributing cocaine within 1,000 feet of a high
school, in violation of 21 U.S.C. §§ 841(a)(1) and 860(a).  At trial, the
government's evidence included the testimony of a confidential informant
who wore a body wire during three controlled purchases of cocaine from
Love.  The jury found Love guilty as charged, and the district court[1]
sentenced him under the career-offender Guideline, U.S.S.G. § 4B1.1, to
concurrent sentences of 270 months imprisonment and six years supervised
release.  On appeal, appellate counsel has filed a brief pursuant to Anders
v. California, 386 U.S. 738 (1967), and Love has filed a pro se
supplemental brief and various motions.  We grant Love's

_____

     [1]The HONORABLE MICHAEL J. MELLOY, Chief Judge, United States
District Court for the Northern District of Iowa.

motion to submit a supplemental issue, deny his motion for appointment of counsel, and affirm his convictions and sentences.

In the Anders brief, counsel argues that the district court erred in admitting into evidence audiotapes of two controlled drug transactions, because the tapes lacked an appropriate evidentiary foundation. As no such objection was raised contemporaneously with the tapes' admission at trial, we review the issue for plain error, and find none. See Fleming v. Harris, 39 F.3d 905, 908 (8th Cir. 1994). To the extent Love challenges, in his pro se filings on appeal, the district court's admission of the tapes over a defense objection as to audibility, we reject his argument. See United States v. Tangeman, 30 F.3d 950, 952 (8th Cir.), cert. denied, 115 S. Ct. 532 (1994). We also reject counsel's argument that the court erred in allowing the jury to view transcripts of the audiotapes. See United States v. Britton, 68 F.3d 262, 264 (8th Cir. 1995), pet. for cert. filed, 64 U.S.L.W. 3593 (Jan. 16, 1996) (No. 95-1337). Counsel's additional argument as to the government's failure to obtain authorization and consent to intercept an oral communication was not raised below, and is meritless. See United States v. Jones, 801 F.2d 304, 315 (8th Cir. 1986).

Counsel also argues that the district court erred in denying Love a new trial, based on the prosecutor's alleged misconduct in improperly cross-examining Love. Upon reviewing the record, and considering the strength of the case against Love, we conclude that no reversible prosecutorial misconduct occurred, see United States v. Jackson, 41 F.3d 1231, 1233 (8th Cir. 1994), and that the district court did not abuse its discretion in refusing to grant a new trial, see United States v. Thomas, 58 F.3d 1318, 1321 (8th Cir. 1995). We also reject Love's pro se challenge to the prosecutor's remarks during closing argument, because Love did not object at trial and has not shown plain error or the existence of extraordinary circumstances. See Fleming, 39 F.3d at 908.

Finally, counsel argues that the district court erred in assessing career-offender status because two of Love's prior felony convictions were based on involuntary guilty pleas.  As Love was represented by counsel during those prior plea proceedings, the district court properly refused to allow him to collaterally attack the prior convictions.  See United States v. Toledo, 70 F.3d 988, 989-90 (8th Cir. 1995) (per curiam), pet. for cert. filed (Feb. 26, 1996) (No. 95-8026); United States v. Jones, 28 F.3d 69, 70 (8th Cir. 1994) (per curiam).  We conclude further that the ineffective-assistance claims asserted by counsel in the Anders brief and by Love pro se are not properly raised in this direct appeal.  See United States v. Murdock, 928 F.2d 293, 298 (8th Cir. 1991).

Love's pro se argument that he suffered sentencing entrapment is raised for the first time on appeal, and is meritless.  See United States v. Barth, 990 F.2d 422, 424-25 (8th Cir. 1993).  We also reject Love's argument that his sentence is "excessive" under amended commentary to the career-offender Guidelines:  the commentary dictated the offense level he received.  See U.S.S.G. § 4B1.1, comment. (n.2.); U.S.S.G. § 4B1.1(B).

Upon our review of the record, we find no other non-frivolous issues for appeal.  See Penson v. Ohio, 488 U.S. 75, 80 (1988).

Accordingly, we affirm.

A true copy.

    Attest:

        CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-