81 F.3d 166
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Lamarr LOVE, Appellant.
 No. 95-1254.
 United States Court of Appeals, Eighth Circuit.
 Submitted: March 25, 1996.
Filed: March 27, 1996.
 
 Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 The government charged Lamarr Love with one count of distributing cocaine, and two counts of distributing cocaine within 1,000 feet of a high school, in violation of 21 U.S.C. §§ 841(a)(1) and 860(a). At trial, the government's evidence included the testimony of a confidential informant who wore a body wire during three controlled purchases of cocaine from Love. The jury found Love guilty as charged, and the district court[1] sentenced him under the career-offender Guideline, U.S.S.G. § 4B1.1, to concurrent sentences of 270 months imprisonment and six years supervised release. On appeal, appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and Love has filed a pro se supplemental brief and various motions. We grant Love's motion to submit a supplemental issue, deny his motion for appointment of counsel, and affirm his convictions and sentences.
 
 
 2
 In the Anders brief, counsel argues that the district court erred in admitting into evidence audiotapes of two controlled drug transactions, because the tapes lacked an appropriate evidentiary foundation. As no such objection was raised contemporaneously with the tapes' admission at trial, we review the issue for plain error, and find none. See Fleming v. Harris, 39 F.3d 905, 908 (8th Cir.1994). To the extent Love challenges, in his pro se filings on appeal, the district court's admission of the tapes over a defense objection as to audibility, we reject his argument. See United States v. Tangeman, 30 F.3d 950, 952 (8th Cir.), cert. denied, 115 S.Ct. 532 (1994). We also reject counsel's argument that the court erred in allowing the jury to view transcripts of the audiotapes. See United States v. Britton, 68 F.3d 262, 264 (8th Cir.1995), pet. for cert. filed, 64 U.S.L.W. 3593 (Jan. 16, 1996) (No. 95-1337). Counsel's additional argument as to the government's failure to obtain authorization and consent to intercept an oral communication was not raised below, and is meritless. See United States v. Jones, 801 F.2d 304, 315 (8th Cir.1986).
 
 
 3
 Counsel also argues that the district court erred in denying Love a new trial, based on the prosecutor's alleged misconduct in improperly cross-examining Love. Upon reviewing the record, and considering the strength of the case against Love, we conclude that no reversible prosecutorial misconduct occurred, see United States v. Jackson, 41 F.3d 1231, 1233 (8th Cir.1994), and that the district court did not abuse its discretion in refusing to grant a new trial, see United States v. Thomas, 58 F.3d 1318, 1321 (8th Cir.1995). We also reject Love's pro se challenge to the prosecutor's remarks during closing argument, because Love did not object at trial and has not shown plain error or the existence of extraordinary circumstances. See Fleming, 39 F.3d at 908.
 
 
 4
 Finally, counsel argues that the district court erred in assessing career-offender status because two of Love's prior felony convictions were based on involuntary guilty pleas. As Love was represented by counsel during those prior plea proceedings, the district court properly refused to allow him to collaterally attack the prior convictions. See United States v. Toledo, 70 F.3d 988, 989-90 (8th Cir.1995) (per curiam), pet. for cert. filed (Feb. 26, 1996) (No. 95-8026); United States v. Jones, 28 F.3d 69, 70 (8th Cir.1994) (per curiam). We conclude further that the ineffective-assistance claims asserted by counsel in the Anders brief and by Love pro se are not properly raised in this direct appeal. See United States v. Murdock, 928 F.2d 293, 298 (8th Cir.1991).
 
 
 5
 Love's pro se argument that he suffered sentencing entrapment is raised for the first time on appeal, and is meritless. See United States v. Barth, 990 F.2d 422, 424-25 (8th Cir.1993). We also reject Love's argument that his sentence is "excessive" under amended commentary to the career-offender Guidelines: the commentary dictated the offense level he received. See U.S.S.G. § 4B1.1, comment. (n.2.); U.S.S.G. § 4B1.1(B).
 
 
 6
 Upon our review of the record, we find no other non-frivolous issues for appeal. See Penson v. Ohio, 488 U.S. 75, 80 (1988).
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE MICHAEL J. MELLOY, Chief Judge, United States District Court for the Northern District of Iowa