_____

No. 95-3331
_____

John James Jackson,                    *
                                       *
          Appellant,                   *   Appeal from the United States
                                       *   District Court for the
     v.                                *   District of Minnesota.
                                       *
United States of America,              *           [UNPUBLISHED]
                                       *
          Appellee.                    *


_____

              Submitted:  June 7, 1996

                 Filed:  June 25, 1996
_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____


PER CURIAM.


     John James Jackson appeals from the district court's order denying
his 28 U.S.C. § 2255 motion to vacate his sentence.  We remand for
further proceedings.


     A jury convicted Jackson of bank robbery.  At sentencing, the
district court denied Jackson's request for a downward departure, and
sentenced him as a career offender to a term of 300 months imprisonment.
We affirmed his conviction.  United States v. Jackson, 41 F.3d 1231,
1234 (8th Cir. 1994) (per curiam).


     On April 20, 1995, Jackson filed a motion for sentence reduction
under 18 U.S.C. § 3582(c)(2) (sentence may be reduced

after sentencing when United States Sentencing Commission subsequently reduces sentencing range), arguing that he received ineffective assistance of counsel at sentencing. On June 7, 1995, Jackson filed a separate section 2255 motion, arguing his conviction was obtained in violation of due process; the court failed to instruct the jury about his mental illness; and he received ineffective assistance of counsel. Both motions were filed in the criminal case; the section 2255 motion was also given a civil case number. Jackson also moved to consolidate this motion with his section 3582 motion to reduce his sentence.

On June 30, 1995, the district court denied Jackson's section 3582(c) motion to reduce his sentence, and concluded that, even construed as a motion under section 2255, the claims were without merit. On July 24, 1995, Jackson filed a "Motion for Notice of Inquiry" concerning the status of his June 7 section 2255 motion. On August 22, 1995, the district court indicated it had denied both the section 3582 and section 2255 motions on June 30, and it denied Jackson's motion as moot. Jackson filed his notice of appeal on September 6, 1995, appealing the denial of his "28 U.S.C. § 2255 motion with a final ORDER on August 22, 1995."

First, we conclude we lack jurisdiction over the district court's June 30 order denying Jackson's section 3582(c) motion because Jackson's September 6 notice of appeal was untimely.

We further conclude that the district court erred in denying as moot Jackson's motion of notice of inquiry. In that motion, Jackson inquired as to the status of his section 2255 motion, and the district court mistakenly concluded that it had addressed the section 2255 motion. Because the district court had not yet addressed the issues Jackson raised in his separate section 2255 motion, we remand for consideration of the claims raised therein.

We deny Jackson's motion for an entry of default.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.