# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 96-3459

————————

United States of America,      *
                              *

        Appellee,              *

                               *    Appeal from the United States

   v.                      *    District Court for the

                               *    Eastern District of Missouri.

Isaac Gibson,              *

                               *        [UNPUBLISHED]

        Appellant.           *

————————

Submitted:  February 19, 1997

Filed:  February 26, 1997

————————

Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.

————————

PER CURIAM.

Isaac Gibson appeals his conviction for bank robbery, alleging plain error misconduct by the district court[1] and the prosecutor, and insufficiency of the evidence. We affirm.

Gibson first argues that the district court improperly influenced a key defense witness—who had been indicted for the same robbery—to assert his Fifth Amendment right not to testify. Because Gibson did not object at trial, we review this issue for plain error. See Fed. R. Crim. P. 52(b). After the witness expressed uncertainty whether he would waive his right against self-incrimination, the district court discussed this issue with him outside the presence of the jury. During this exchange, the district court advised the

—————————————

[1]The HONORABLE CATHERINE D. PERRY, United States District Judge for the Eastern District of Missouri.

witness of his Fifth Amendment right,

noted the penalties for perjured testimony, and declined to speculate whether testifying would have any impact on the witness's prospects for a plea bargain. There was no plain error. See United States v. Valdez, 16 F.3d 1324, 1331 (2d Cir.), cert. denied, 115 S. Ct. 60 (1994).

Next, Gibson contends that he was the victim of prosecutorial misconduct because the Assistant United States Attorney repeatedly cross-examined Gibson about his use of drugs and referred during closing argument to Gibson's drug use and to matters not in evidence. Again, we review for plain error as Gibson did not raise these issues at trial. The cross examination was not plain error because Gibson's drug use on the day of the robbery and before was relevant to issues such as credibility and motive. There was no plain error in closing argument because the prosecutor did not refer to matters not in evidence and the references to Gibson's drug use, even if overblown, did not deprive him of a fair trial given the strength of the government's case and the district court's cautionary instruction that Gibson was being tried only for the charged offense. See United States v. Jackson, 41 F.3d 1231, 1233 (8th Cir. 1994) (per curiam).

Finally, we reject Gibson's challenge to the sufficiency of the evidence that he knowingly aided and abetted a bank robbery. The jury could have found from the government's evidence that Gibson drove to the bank believing his passenger would rob the bank and share the proceeds with Gibson; that the passenger exited the car, robbed the bank, returned, and told Gibson to "go"; and that Gibson then drove the car away at high speed.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.