108 F.3d 1382
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
John W. RENO, Appellant.
 No. 96-3745.
 United States Court of Appeals, Eighth Circuit.
 Submitted March 7, 1997.
Filed March 27, 1997.
 
 Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 After John W. Reno pleaded guilty to conspiring to manufacture methamphetamine, in violation of 21 U.S.C. § 846, the district court[1] sentenced him to 130 months imprisonment and five years supervised release, and ordered him to pay a fine. This appeal from Reno's sentence followed. Appointed counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967). We affirm.
 
 
 2
 Counsel raises two issues in his Anders brief. First, he argues that the government breached the plea agreement when the presentence report indicated a base offense level of 28 instead of 26, as contemplated in the plea agreement. Second, he argues that the district court erred in assessing a two-level weapon enhancement against Reno. See U.S.S.G. § 2D1.1(b)(1). We review both issues only for plain error, as no objection was raised at sentencing to the government's conduct or to the enhancement. See Fritz v. United States, 995 F.2d 136, 137 (8th Cir.1993), cert. denied, 510 U.S. 1075 (1994).
 
 
 3
 We find no basis for concluding the government breached the plea agreement. The record indicates that the probation officer independently concluded, based on the quantity of methamphetamine seized, that the appropriate base offense level was 28. Although Reno's written plea agreement contemplated a base offense level of 26, the agreement also specified that the court was not bound by the parties' estimates and calculations.
 
 
 4
 The challenge to the weapon enhancement also fails. The Guidelines' two-level increase for possessing a weapon applies if "the weapon is present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1(b)(1) comment. (n.3). A .44 magnum revolver was found in the same location as a methamphetamine laboratory and methamphetamine; the location of the revolver made it accessible to Reno; Reno's use of a gun was consistent with his admitted role as a "guard"; and Reno admitted that he knew one of his co-conspirators carried a revolver, and that that person had been in the house where the methamphetamine laboratory had been set up when police arrived. See United States v. Tauil-Hernandez, 88 F.3d 576, 580 (8th Cir.1996) (in conspiracy case, sufficient nexus established where weapon was found in same location where drugs or drug paraphernalia were stored, or where part of conspiracy took place), petition for cert. filed, No. 96-6758 (U.S. Nov. 6, 1996); United States v. Betz, 82 F.3d 205, 210-11 (8th Cir.1996) (sufficient nexus where drugs and guns were accessible and on premises from which defendant conducted drug-related activities).
 
 
 5
 Reno also raises ineffective-assistance-of-counsel claims in a supplemental pro se brief. We decline to consider them. Except in rare instances, such issues should be raised for the first time in a proceeding under 28 U.S.C. § 2255. See United States v. Jackson, 41 F.3d 1231, 1234 (8th Cir.1994) (per curiam). Having reviewed the record, we find no other nonfrivolous issues. See Penson v. Ohio, 488 U.s. 75, 80-82 (1988).
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE D. BROOK BARTLETT, Chief Judge, United States District Court for the Western District of Missouri