**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1377
_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Plaintiff - Appellee, | * |
| | *   Appeal from the United States |
| v. | *   District Court for the |
| | *   District of Minnesota. |
| Jerry Alan Morey, | * |
| | *       **[PUBLISHED]** |
| Defendant - Appellant. | * |

_____

Submitted: June 10, 1997
Filed:   July 22, 1997
_____

Before LOKEN and ROSS, Circuit Judges, and FENNER,[*] District Judge.
_____

PER CURIAM.

Jerry Morey pleaded guilty to theft of mail by a postal employee. The district court[1] sentenced him to eight months in prison and three years of supervised release. Morey now appeals two special conditions of his supervised release. As he did not

---

[*]The HONORABLE GARY A. FENNER, United States District Judge for the Western District of Missouri, sitting by designation.

[1]The HONORABLE MICHAEL J. DAVIS, United States District Judge for the District of Minnesota.

object to these conditions at sentencing, we are limited to plain error review. See United States v. Iversen, 90 F.3d 1340, 1343 (8th Cir. 1996).

First, Morey argues that requiring him to "participate, as instructed by the probation officer, in a program . . . for treatment of narcotic addiction or drug dependency" improperly transfers to the probation officer the duty of the court to establish periodic drug testing, one of the conditions mandated in 18 U.S.C. § 3583(d). We disagree. Section 3583(d) authorizes the district court to impose discretionary supervised release conditions. Morey is a long-term drug addict who stole to feed his addiction. His sentence mandates five hundred hours of drug treatment while he is in prison. Giving the probation officer authority to require additional drug treatment during supervised release is an appropriate discretionary condition that goes beyond the drug testing mandated by § 3583(d). Similar conditions have been imposed in prior cases. See United States v. Schoenrock, 868 F.2d 289, 290 n.3 (8th Cir. 1989).

Second, Morey argues that the condition forbidding him to own or possess a firearm while on supervised release is invalid because it is unrelated to his offense. However, § 3583(d) mandates the explicit condition that he not commit a crime during supervised release. Morey is now a convicted felon who may not lawfully possess a firearm. See 18 U.S.C. § 922(g)(1). By clarifying a portion of the mandatory condition that he not commit a crime, this condition would seem to benefit Morey. In any event, its imposition cannot be plain error. See U.S.S.G. § 5B1.4(b)(14).

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-