United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 97-1733

_____

United States of America,         *
         *
      Appellee,         *
         * Appeal from the United States
  v.         * District Court for the
         * Eastern District of Missouri.
Robert W. S. Skogstad,         *
         * [UNPUBLISHED]
      Appellant.         *

_____

Submitted: March 26, 1998
Filed: March 30, 1998

_____

Before FAGG, BEAM, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Robert W. S. Skogstad pleaded guilty to a counterfeiting offense, in violation of 18 U.S.C. § 472, and the district court[1] sentenced him to 36 months imprisonment and three years supervised release. Skogstad appeals his sentence, and we affirm.

Skogstad attempted to make a purchase with a computer-generated counterfeit $20 bill, and the store clerk, suspecting the bill was counterfeit, called the police. At

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

sentencing, Skogstad argued the bill he produced was so obviously counterfeit that an offense-level increase under U.S. Sentencing Guidelines Manual § 2B5.1(b)(2) (1997), for persons who produce counterfeit money or possess a counterfeiting device, was unwarranted. See U.S. Sentencing Guidelines Manual § 2B5.1, comment. (n.4) (1997) (§ 2B5.1(b)(2) "does not apply to persons who merely photocopy notes or otherwise produce items that are so obviously counterfeit that they are unlikely to be accepted even if subjected to only minimal scrutiny"). After the government offered testimony of the investigating Secret Service agent, who indicated that the counterfeit note was of high quality, and that the store clerk's suspicion involving the counterfeit bill was preceded by his observation of unusual behavior on Skogstad's part, the district court examined the counterfeit bill and determined it would be accepted as genuine by a reasonable person. We conclude that the district court's finding is not clearly erroneous. See United States v. Miller, 77 F.3d 71, 76-77 (4th Cir. 1996). In addition, contrary to Skogstad's contentions on appeal, the district court could rely on the agent's hearsay testimony concerning the store clerk's statement, and the agent's testimony as to the quality of the counterfeit bill. See United States v. Wise, 976 F.2d 393, 401-02 (8th Cir. 1993) (en banc), cert. denied, 507 U.S. 989 (1993); United States v. Thompson, 730 F.2d 82, 85 (8th Cir.), cert. denied, 469 U.S. 1024 (1984).

Skogstad also challenges the special conditions of supervised release imposed by the district court--that he be required to participate in programs of testing and treatment for substance abuse, and of mental health treatment, as directed by the probation officer. Having carefully reviewed the record, we conclude the district court did not commit plain error in imposing those requirements. See U.S. Sentencing Guidelines Manual § 5D1.3(b) (1997) (factors to consider in imposing conditions of supervised release); United States v. Morey, 120 F.3d 142, 143 (8th Cir. 1997) (per curiam) (standard of review).

Finally, Skogstad's complaints about his counsel's performance should be raised in a 28 U.S.C. § 2255 proceeding, where the record can be adequately developed. <u>See United States v. Jackson</u>, 41 F.3d 1231, 1233 (8th Cir. 1994).

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.