# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 06-3821/3824

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Thomas Joel Maggard, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: October 5, 2007
Filed: October 12, 2007

_____

Before BYE, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Thomas Maggard (Maggard) appeals the concurrent sentences the district court[1] imposed after he pled guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113(a). Maggard's counsel moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), asserting the concurrent 96-month prison sentences are unreasonable in light of 18 U.S.C. § 3553(a), and the district court abused its discretion in requiring alcohol abstention and successful participation in approved counseling as special conditions of supervised release.

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

We conclude Maggard's prison sentences are not unreasonable: they were within the undisputed Guidelines range of 77-96 months, and were imposed following the district court's proper consideration of relevant section 3553(a) factors. See Rita v. United States, 127 S. Ct. 2456, 2462-68 (2007) (allowing appellate presumption of reasonableness); United States v. Denton, 434 F.3d 1104, 1113 (8th Cir. 2006) (holding a within-Guidelines sentence is presumptively reasonable); United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005) (discussing appropriate consideration of § 3553(a) factors). After reviewing the unobjected-to special conditions of supervised release for plain error, see United States v. Morey, 120 F.3d 142, 143 (8th Cir. 1997) (per curiam) (standard of review), we further conclude the conditions are supported by the record and reasonably related to the statutory factors in 18 U.S.C. § 3583(d) (stating conditions of release must reasonably be related to factors in § 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D)), see United States v. Cooper, 171 F.3d 582, 586-87 (8th Cir. 1999) (upholding the prohibition of the consumption of alcohol and the requirement that defendant obtain substance-abuse and mental-health counseling, where there was some evidence of alcohol and drug abuse and defendant had a history of mental instability). After reviewing the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues.

We grant counsel leave to withdraw, and we affirm.

_____