IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 27, 2009

Charles R. Fulbruge III
Clerk

No. 06-51422
Summary Calendar

THOMAS HAROLD WEBB

Plaintiff-Appellant

v.

RISSIE OWENS; NANCY SWAN; EZIO LEITE; KEN NEILL; RICHARD WOOD

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:05-CV-233

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Thomas Harold Webb filed a civil-rights complaint against the defendants in relation to his parole conditions, their actions towards him in relation to his parole supervision, and the revocation of his term of parole. He appeals from the district court's judgment granting summary judgment for the defendants and dismissing his claims, some with prejudice and some without prejudice. He also appeals from the district court's denial of his motion for relief from judgment, filed pursuant to FED. R. CIV. P. 60(b).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Webb argues that the district court erred by denying his request for declaratory relief stating that he was entitled to an independent polygraph examiner of his own choosing to comply with the conditions of his parole. Citing Wilkinson v. Dotson, 544 U.S. 74, 79-80 (2005), Webb asserts that, contrary to the district court's holding that this claim was barred under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), Heck authorizes the grant of declaratory relief for 42 U.S.C. § 1983 claims. However, Wilkinson does not support Webb's argument. The district court properly held that Webb's claim that he was denied his right to choose his own polygraph examiner was barred under Heck. Accordingly, the district court did not abuse its discretion by denying Webb's request for declaratory relief on this issue. See Gates v. Texas Dep't of Protective and Regulatory Servs., 537 F.3d 404, 438 (5th Cir. 2008).

Webb also contends that the district court erred by dismissing his price-fixing claims against Richard Wood and Ezio Leite. Those claims were premised on Webb's assertion that Wood's polygraph examination fee was excessive. Because the uncontested summary judgment evidence indicated that there was no genuine issue of material fact that Wood's polygraph examination fee was within the range of fees from other polygraph examiners in the area, the district court did not err in granting summary judgment for Leite and Wood regarding the price-fixing claims. See FED. R. CIV. P. 56(c); Cousin v. Small, 325 F.3d 627, 637 (5th Cir. 2003).

Webb next argues that the district court erred by dismissing his claims against Rissie Owens for failure to train her staff, gross negligence, and for failing to prevent Leite, Swan, Wood, and Neill from conspiring against him in violation of 42 U.S.C. § 1985(2). Webb's claim alleging Owens's failure to prevent a § 1985(2) conspiracy arose under 42 U.S.C. § 1986. In his reply brief, Webb abandoned his § 1985(2) conspiracy claim. Because a § 1986 claim is dependent upon the existence of a § 1985 claim, the district court's dismissal of Webb's § 1986 claim is affirmed.

Webb's § 1983 claims against Owens alleging failure to train and gross negligence are based upon alleged deficiencies in the process leading to the revocation of Webb's parole and confinement.  If Heck bars a challenge to the underlying constitutional violation, it also bars a challenge against a supervisor based upon that underlying constitutional violation.  See Connors v. Graves, 538 F.3d 373, 377-78 (5th Cir. 2008).  Because Heck bars Webb's challenge to those alleged deficiencies in the parole revocation process, the district court properly granted summary judgment for Owens as to Webb's § 1983 claims.  See Cousin, 325 F.3d at 637.

In his Rule 60(b) motion, Webb argued that: (1) although he was unable to show during the pendency of his lawsuit how he had been prejudiced by the denial of law library access during his term of parole, he subsequently learned that he should not have been subjected to many of his parole conditions, including the denial of law library access; and (2) he subsequently learned that the polygraph examinations he was ordered to take while on parole and some other aspects of his parole were in violation of official parole policy, thereby invalidating the basis for his parole revocation and supporting his claim of retaliation by the defendants.  Both of these arguments relied, at least in part, upon Webb's assertion that the transcript of his parole revocation hearing and his learning of various official parole policies constituted newly discovered evidence.  Webb has failed to show that either the parole revocation transcript or the various official parole policies constitute newly discovered evidence.  See FED. R. CIV. P. 60(b)(2); Hesling v. CSX Transp., Inc., 396 F.3d 632, 639 (5th Cir. 2005).  Accordingly, the district court did not abuse its discretion by denying Webb's Rule 60(b) motion.  See Provident Life & Accident Ins. Co. v. Goel, 274 F.3d 984, 997 (5th Cir. 2001).

The judgments of the district court are AFFIRMED.