# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1524

_____

| | | |
|---|---|---|
| Roxana Wilson, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| John J. Grabner, III, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| Wilson, Roxanna & Grabner, John | * | Western District of Missouri. |
| J., III, | * | |
| | * | [UNPUBLISHED] |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| H&R Block Enterprises, Inc.; Does | * | |
| 1-10; H&R Block Enterprises, Inc.; | * | |
| H&R Block Eastern Enterprises, Inc.; | * | |
| H&R Block Tax and Business Services, | * | |
| Inc., | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: March 5, 2010
Filed:  March 31, 2010

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

John Grabner brought a claim for damages and equitable relief, alleging that he received from H&R Block Eastern Enterprises, Inc., an electronically printed receipt that displayed the expiration date of his credit card, in violation of the Fair and Accurate Credit Transactions Act (FACTA), which is codified in 15 U.S.C. § 1681. Grabner also alleged that defendants printed more than the last five digits or the expiration date on the credit "and/or" debit card receipts of purported class members, and he moved to certify the class. The district court[1] granted summary judgment for defendants, and denied the motion to certify the class. Grabner appeals.

After careful de novo review, viewing the evidence and all fair inferences from it in the light most favorable to Grabner, see Johnson v. Blaukat, 453 F.3d 1108, 1112 (8th Cir. 2006), we conclude that summary judgment was proper for the reasons stated by the district court, and that because Grabner had no cause of action under FACTA, the district court did not err in not allowing him to represent the class, see E. Tex. Motor Freight Sys., Inc. v. Rodriguez, 431 U.S. 395, 403 (1977) (class representative must be part of class and possess same interest and suffer same injury as class members). We also conclude that the court did not abuse its discretion in denying Grabner's motion for relief from judgment. See Fed. R. Civ. P. 60(b)(1)-(6) (grounds for relief from final judgment); Murphy v. Mo. Dep't of Corr., 506 F.3d 1111, 1117 (8th Cir. 2007) (standard of review for Rule 60(b) motion); United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (standard of review for Rule 59(e) motion; motion serves limited function of correcting manifest errors of law or fact or considering newly discovered evidence).

Further, we conclude that the district court did not err in allowing Grabner's attorneys to withdraw, see Fleming v. Harris, 39 F.3d 905, 908 (8th Cir. 1994) (decision to allow counsel to withdraw is left to court's discretion); see also W.D. Mo.

---

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

R. 83.5(o) (local rule regarding withdrawal of counsel); <u>Stevens v. Redwing</u>, 146 F.3d 538, 546 (8th Cir. 1998) (pro se litigant has no statutory or constitutional right to have counsel appointed in civil case); that the court was not required to record an August 2008 conference call with Grabner's attorneys, <u>see</u> 28 U.S.C. § 753(b) (each session of court and every other proceeding designated by rule or order of court or by one of judges shall be recorded; describing proceedings to be recorded); <u>In re Beard</u>, 811 F.2d 818, 833-34 (4th Cir. 1987) (§ 753(b) did not require presence of court reporter at conference call among lawyers and judge, as such call is not significantly different than proceedings in chambers); and that, contrary to his argument, Grabner did not have a right under Federal Rule of Civil Procedure 16(b)(1)(B) or (c)(1) to be present for the conference call.

Finally, we conclude that the district court did not abuse its discretion in denying Grabner's motion to transfer the case to the Western District of Pennsylvania. <u>See</u> 28 U.S.C. § 1404(a) (for convenience of parties and witnesses, in interest of justice, district court may transfer any civil action to any other district or division where it might have been brought); <u>Hubbard v. White</u>, 755 F.2d 692, 694-95 (8th Cir. 1985) (grant or denial of change of venue under § 1404(a) is in discretion of trial court and may not be set aside absent clear showing of abuse of discretion).

Accordingly, we affirm.

_____