# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 8, 2011

Lyle W. Cayce
Clerk

No. 10-60632

MICHELLE TIMBERLAKE,

Plaintiff–Appellant,

v.

TEAMSTERS LOCAL UNION NUMBER 891; ROADWAY EXPRESS, INCORPORATED; WAYNE PHILLIPS, in both his individual and official capacities,

Defendants–Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:08-CV-91

Before DAVIS, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Michelle Timberlake filed suit against Roadway Express, Inc., the Teamsters Local Union Number 891, and Wayne Phillips. Roadway Express was her employer, the Teamsters her union, and Phillips a union supervisor. Timberlake alleged racial and sexual harassment, racial and gender discrimination, unlawful retaliation, breach of contract, intentional infliction of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60632

emotional distress, defamation, and false light. The United States District Court for the Southern District of Mississippi granted summary judgment in favor of Roadway Express, the Teamsters, and Phillips. Timberlake appealed. Pursuant to 28 U.S.C. § 1291, our jurisdiction is properly vested over an appeal of a final judgment.

Timberlake proceeds pro se on appeal. In light of her pro se status, we interpret her "brief liberally to afford all reasonable inferences which can be drawn from" it.[1] That said, we have nonetheless observed that it is important for such pro se appellants to include "'citation to the authorities, statutes and parts of the record relied on'" in their briefs.[2] In short, "'[a]lthough we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved.'"[3]

Timberlake appears to assert error in the grant of summary judgment with respect to her harassment claims, her retaliation claims, and her discrimination claims. She argues that issues of material fact remain, and that summary judgment was improperly granted as a result. Her briefing on this point, however, suffers from the absence of citations indicating the locations in the record of these purported material facts.

Timberlake has included only five citations to the record in her "Facts" section. She cites to her own unsworn letter describing the conduct of a fellow driver, yet unsworn documents are not appropriate evidence to consider on a

---

[1] *Tex. Comptroller of Pub. Accounts v. Liuzza* (*In re Tex. Pig Stands, Inc.*), 610 F.3d 937, 941 n.4 (5th Cir. 2010).

[2] *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) (quoting *Weaver v. Puckett*, 896 F.2d 126, 128 (5th Cir. 1990)).

[3] *Id.* (quoting *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988)).

No. 10-60632

motion for summary judgment.[4] She offers a partial citation regarding her fight with a different fellow driver. She only indicates, however, that the relevant evidence is within the record, while failing to provide a page. She also cites to her own deposition statement that another driver told her that he had heard others discussing a plan to fire her. This—the statement of another offered for the truth of the matter asserted—constitutes hearsay,[5] and deposition hearsay is not competent summary judgment evidence.[6] She further offers a typed account of her interactions with various Roadway employees, yet—as discussed above—unsworn statements are not competent evidence insofar as Timberlake seeks to establish the truth of the matter asserted.[7] Finally, she purports to cite to a favorable ruling from the EEOC in this matter, but the pages referenced appear, instead, to be pay stubs.

Similarly, in the "Argument" section of her brief, Timberlake has included only a single citation to the record. That reference is purportedly to the district court opinion, although the opinion is not located at the listed pages. As a result, neither the "Facts" nor "Argument" sections of the brief include citations to relevant facts that could overcome summary judgment. We have recognized that when an appellant fails to provide "the reasons [s]he deserves the requested relief with citation to the authorities, statutes and parts of the record relied on," that failure constitutes waiver.[8] The need for such a linkage between relevant

---

[4] *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) (per curiam).

[5] FED. R. EVID. 801.

[6] *Martin*, 819 F.2d at 549.

[7] *Id.*

[8] *Turner v. Quarterman*, 481 F.3d 292, 295 n.1 (5th Cir. 2007) (quoting *Hughes v. Dretke*, 412 F.3d 582, 597 (5th Cir. 2005)); *see also* FED. R. APP. P. 28(a)(9)(A) (requiring an appellant's argument section to contain her "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies").

No. 10-60632

legal arguments and specific facts in the record is heightened by our inability to consider facts outside the summary judgment record on appeal.[9] This further precludes Timberlake's express desire for this court to consider new evidence. As a result of the defects in her brief, she has waived her contention on appeal that an issue of material fact precludes the grant of summary judgment.

Timberlake appears to argue that reversal is also required because of the district court's purported misapplication of "*Pegran v. Honevwell Inc.* [sic]." She contends that the district court improperly quoted a section of that opinion discussing transfers as adverse employment actions, whereas the instant case involved a firing and rehiring. That said, the district court's opinion does not appear to have quoted our decision in *Pegram v. Honeywell, Inc.*,[10] and the citation Timberlake provided to the record leads to her own deposition testimony. Further, Timberlake's analysis of the case is limited to her claim that the "quoted language" is inapplicable to the instant factual posture. Thereafter, she does not go beyond her conclusory statement that her temporary termination constituted an adverse action—declining to cite to case law or statutory authority. As she has failed to direct the court to the purportedly erroneous application of the law by the district court and to offer a legal argument providing the reasons—in lieu of a conclusory assertion—for which she should be granted relief, her claim is waived.[11] Alternatively, we observe that Timberlake has cited to *Pegram*'s discussion of adverse employment actions for discrimination claims.[12] The district court also noted that Timberlake had failed

---

[9] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1071 n.1 (5th Cir. 1994) (en banc) (per curiam).

[10] 361 F.3d 272 (5th Cir. 2004).

[11] *Hinojosa v. Butler*, 547 F.3d 285, 291 n.2 (5th Cir. 2008).

[12] 361 F.3d at 282.

4

to adduce evidence that she had been treated less favorably than similarly situated employees who were not members of her protected class. Nonetheless, Timberlake does not argue legal error with respect to that element of our standard, which is also required to prove discrimination.[13]

Timberlake additionally includes a discussion of "[p]rescription" in her brief. Any argument of error on this point is unavailing, however, as her case was not dismissed on the grounds of prescription.

Timberlake further states that papers were "filed fraudulently" in the district court, permitting the substitution of law firms when her attorney moved his practice. Timberlake's attorney, Kevin White, submitted a motion to substitute counsel of record, stating that "[a]n understanding has been reached" between Timberlake and White that his new firm would be substituted for his prior firm. We have previously noted the district court's "broad discretion" in evaluating motions to withdraw.[14] Insofar as Timberlake asserts error in permitting this substitution of counsel, her contention is unavailing.

Liberally construing her brief, Timberlake appears to argue that the purported deficiencies of her counsel are relevant to reversal of the summary judgment. To the extent that Timberlake seeks to assert a constitutional right to effective counsel, no such right exists in this civil context.[15] Even assuming, *arguendo*, that her attorney did mishandle her case, we have recognized that such an appellant's cause of action against her attorney "remains separate and

---

[13] *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009) (requiring an employee alleging racial discrimination to show "that (1) he is a member of a protected class, (2) he was qualified for the position at issue, (3) he was the subject of an adverse employment action, and (4) he was treated less favorably because of his membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances").

[14] *Augustson v. Linea Aerea Nacional-Chile S.A.*, 76 F.3d 658, 664 (5th Cir. 1996); *see also Fleming v. Harris*, 39 F.3d 905, 908 (8th Cir. 1994).

[15] *Sanchez v. U.S. Postal Serv.*, 785 F.2d 1236, 1237 (5th Cir. 1986) (per curiam).

No. 10-60632

distinct" from the underlying suit, and "therefore, we cannot grant h[er] any relief" on appeal.[16]

\*　　\*　　\*

We AFFIRM.

---

[16] *Id.*