# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60119
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 19, 2015

Lyle W. Cayce
Clerk

DOCTOR DAVID BRUCE ALLEN,

      Plaintiff - Appellant

v.

JACKSON COUNTY, MISSISSIPPI, By and through its Board of Supervisors, in their official and individual capacities,

      Defendant - Appellee

---

Appeals from the United States District Court for the
Southern District of Mississippi
USDC No. 1:12-CV-57

---

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:*

      Plaintiff Dr. David Bruce Allen appeals the summary judgment granted in favor of defendant Jackson County, Mississippi. The appeal is utterly meritless and could be rejected on numerous grounds. For the sake of brevity, we note only the most obvious.

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60119

Dr. Allen's briefs do not include a single citation to record evidence, and he has therefore "waived [his] contention on appeal that an issue of material fact precludes the grant of summary judgment." *Timberlake v. Teamsters Local Union No. 891*, 428 F. App'x 299, 302 (5th Cir. 2011); *see also* Fed. R. App. P. 28(6), (8)(A). Rather than record evidence, Dr. Allen repeatedly cites to the pleadings to support his version of the facts. Thus, his failure to cite record evidence also demonstrates that summary judgment was proper. *See Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 940 (5th Cir. 2005) ("The non-movant must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial to avoid summary judgment.")

Viewed individually, Dr. Allen's arguments fare no better. Dr. Allen appears to argue that claims brought under 42 U.S.C. sections 1983, 1985, and 1986 should have survived summary judgment.

Dr. Allen's § 1983 claim is based on alleged false imprisonment and requires a showing he was arrested absent probable cause. *Haggerty v. Texas S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004). Because, a judge issued an arrest warrant, a grand jury returned an indictment, and after a *habeas corpus* hearing, a second judge found "sufficient probable cause" supporting his arrest, Dr. Allen rightly concedes he must show that the deliberations of these intermediaries "'were in some way tainted by the actions of the defendant.'" *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 813 (5th Cir. 2010) (quoting *Hand v. Gary*, 838 F.2d 1420, 1428 (5th Cir. 1988)). "[M]ere allegations of 'taint,' without more, are insufficient to overcome summary judgment." *Id.* (quoting *Taylor v. Gregg*, 36 F.3d 453, 457 (5th Cir. 1994), *overruled on other grounds by Castellano v. Fragozo*, 352 F.3d 939, 949 (5th Cir. 2003) (*en banc*).

Even assuming no probable cause existed when Dr. Allen was arrested, his claim fails. Under the circumstances of this case, Dr. Allen needed to present admissible evidence that the defendants "knowingly withheld"

2

material facts from the three intermediaries involved in his case. *See id.* at 813–14. There is no evidence, however, regarding the defendant's role in these proceedings and therefore no evidence of knowing nondisclosure. More fundamentally, the purportedly withheld material facts—alleged coercion of witnesses and an alleged police plot to "get" Dr. Allen—are themselves wholly unsupported by evidence.[1] Summary judgment on this issue was proper.

Dr. Allen cannot complain regarding the dismissal of his § 1985 claim because, in opposing the motion for summary judgment, he asserted that "there remains but two simple and straight forward causes of action," claims under sections 1983 and 1986, and confirmed "[n]o other state or federal law claims remain." The § 1985 claim was abandoned and cannot be revived.

Because Dr. Allen previously abandoned his § 1985 claim, his § 1986 claim necessarily fails. *See Webb v. Owens,* 308 F. App'x 775, 776 (5th Cir. 2009) ("In his reply brief, Webb abandoned his § 1985(2) conspiracy claim. Because a § 1986 claim is dependent upon the existence of a § 1985 claim, the district court's dismissal of Webb's § 1986 claim is affirmed."); *see also Hamilton v. Chaffin,* 506 F.2d 904, 914 (5th Cir. 1975). In addition to noting the interdependency of Dr. Allen's § 1985 and § 1986 claims, the district court also ruled Dr. Allen could not "satisfy the 'two or more persons' element of a *prima facie* case under § 1985." Dr. Allen rightly concedes that a conspiracy must involve two or more persons. *See Hilliard v. Ferguson,* 30 F.3d 649, 653

---

[1] For example, Dr. Allen alleges that the Jackson County "Sheriff summoned his Deputies, . . . and told them to 'get him,' (i.e. Dr. Allen)." The ostensible evidentiary support for this allegation is *Dr. Allen's* "answers to Interrogatories" which were apparently not even made part of the record on appeal. Dr. Allen's reference to his "answer to Interrogatories" is accompanied by an enigmatic citation: "attached to ROA. 698." Dr. Allen's opposition to the motion for summary judgment begins on page 698 of the record and no "answers to Interrogatories" appear attached. We will not scour the record in search of them. In any event, Dr. Allen's speculation (or fantasy) about what took place behind closed doors has no evidentiary value. Likewise, Dr. Allen's promise that one of the deputies "would attest to" the plot to "get him" is no evidence at all.

No. 15-60119

(5th Cir. 1994).  Accordingly, and for the first time, he argues that his sister and brother-in-law conspired with the county sheriff to fabricate criminal charges against him.  "A party cannot raise a new theory on appeal that was not presented to the court below."  *Capps v. Humble Oil & Ref. Co.*, 536 F.2d 80, 82 (5th Cir. 1976).  Dr. Allen's reliance on this new theory is unavailing.

AFFIRMED.